```
STUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------
AXEL RENTAS,

                Plaintiff,        09 Civ. 5528 (JGK)

     - against -               **MEMORANDUM OPINION
                                            AND ORDER**

LISA NASON, ET AL.,

                Defendants.
------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Axel Rentas, brings this action pursuant to 42 U.S.C. § 1983 against Dr. Lisa Nason, an orthopedist who treated him at Rikers Island Correctional Facility. The plaintiff alleges that, in ordering his use of crutches discontinued, the defendant was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution. The defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, on the ground that the plaintiff has failed to exhaust the mandatory inmate grievance procedure.[1]

I.

---

[1] The plaintiff has not filed any papers opposing the defendant's motion. The plaintiff was given notice on at least three occasions, beginning in February 2010, that failure to do so would result in the Court deciding the motion on the papers submitted by the defendant. The plaintiff did not respond, although he submitted a change of address form to the Court on August 17, 2010. The Court has carefully reviewed the papers to determine whether they support the relief sought.

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the Complaint are accepted as true. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). In deciding a motion to dismiss, all reasonable inferences must be drawn in the plaintiff's favor. Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the Complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atl. Corp., 550 U.S. 544 (2007).

**II.**

The defendant moves to dismiss the Complaint on the ground that the plaintiff failed to exhaust the administrative remedies available to him on his claim before filing his case in federal court. The Prison Litigation Reform Act of 1995 (the "PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); see also Booth v. Churner, 532 U.S. 731, 736 (2001).  Exhaustion in cases covered by 1997e(a) is mandatory, and all available remedies must be exhausted at the time a Complaint is filed.  Porter v. Nussle, 534 U.S. 516, 532 (2002); Neal v. Goord, 267 F.3d 116, 121-23 (2d Cir. 2001).  The PLRA's exhaustion requirement applies to all inmate suits about prison life, as opposed to suits that challenge either the fact or duration of confinement, whether the suits involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Nussle, 534 U.S. at 532.

In this case, the plaintiff alleges that the defendant violated his constitutional rights under the Eighth Amendment by "writ[ing] down a medical note stating in medical record to discontinue to utilize use of crutches for mobility within the housing area unit and facility areas."  The plaintiff alleges that he suffered severe pain as a result of being deprived of access to crutches.  However, nothing in the record or in the Complaint indicates that the plaintiff filed a grievance against the defendant, as the PLRA requires prior to the commencement of an action.  Indeed the plaintiff alleges that he filed a grievance based on the events underlying the injury that necessitated his use of crutches, but that does not suffice to exhaust his claim against Dr. Nason, because that claim is predicated on a separate and distinct injury.  The plaintiff does not allege that he filed a grievance relating to the alleged

3

removal of crutches.  The plaintiff cannot pursue his claim in federal court without first having exhausted his administrative remedies.[2]

### III.

The defendant's motion to dismiss is therefore **granted without prejudice**. The Clerk is directed to enter judgment dismissing the Complaint and closing this case.  The Clerk is also directed to close Docket No. 14.
**SO ORDERED.**

**Dated:    New York, New York**
**         September 22, 2010**
                                        _____
                                              **John G. Koeltl**
                                        **United States District Judge**

---

[2] It is unnecessary to reach the defendant's alternative argument that the Complaint fails to state a claim because there is an insufficient allegation of a violation of the Eighth Amendment.

dismissing the Complaint and closing this case. The Clerk is also directed to close Docket No. 14.

**SO ORDERED.**

Dated: New York, New York
September 21, 2010

                                          John G. Koeltl
                                   United States District Judge